**In re COMBUSTION, INC.**

**Civil Action No. 94MDL4000.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Sept. 27, 1996.

---

## MEMORANDUM RULING

HAIK, District Judge.

Pending before the Court is CERCLA Plaintiffs' unopposed Motion for Recovery of *Key Tronic* Response Costs presented to the Court for consideration on September 5, 1996. The basis for this Motion is the CERCLA statute, 42 U.S.C. §§ 9607(a)(4)(B) [1], 9613(f) [2], 9601(23), (24),

---

1. "... any [site owner or operator, or generator or transporter of hazardous waste to a facility, as defined under CERCLA] from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for—

   (B) any other necessary costs of response in-

curred by any other person consistent with the national contingency plan;"

\*    \*    \*    \*    \*    \*

2. "**Contribution.** (1) Contribution. Any person may seek contribution from any other person who is liable or potentially liable under [42 U.S.C. § 9607(a).]"

\*    \*    \*    \*    \*    \*

and (25).[3] CERCLA provides that private litigants who have assumed the responsibility and financial burden of cleaning up a Superfund Site may recover "necessary costs of response." 42 U.S.C. § 9607(a)(4)(B). CERCLA Plaintiffs ask the Court to recognize certain of their attorney's fees and associated expenses as "cost of recovery."

The Supreme Court in *Key Tronic Corporation v. United States*, 511 U.S. 809, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), held that under certain circumstances, attorney's fees and associated expenses can be included in the CERCLA cost of response, thus carving out an exception to the well-settled American rule of law that attorney's fees are not a recoverable cost of litigation "absent explicit congressional authorization." *Id.*, 511 U.S. at 814, 114 S.Ct. at 1965 (other cites omitted). The absence of specific reference to attorney's fees is not dispositive if the statute otherwise evinces an intent to provide for such fees. *Id.*

Neither §§ 107 nor 113 of CERCLA expressly calls for the recovery of attorney's fees. Nevertheless, the Supreme Court has allowed attorney's fee and associated expenses to be included in CERCLA recovery costs where the lawyers' work was "closely tied" to the actual cleanup. *Id.*, 511 U.S. at 818–20, 114 S.Ct. at 1967. Specifically, the Court stated that attorney's fees incurred for work done in identifying other potentially responsible parties and any other effort by an attorney that "might well be performed by engineers, chemists, private investigators or other professionals who are not lawyers" are recoverable costs under CERCLA. *Id.*

█ In a pre-*Key Tronic* opinion, the Fifth Circuit stated that investigatory costs, along with the costs of assessment, monitoring, and remediation, constitute "costs of response" under CERCLA. *Tanglewood East Homeowners v. Charles–Thomas, Inc.*, 849 F.2d 1568, 1575 (5th Cir.1988). The very essence of *Key Tronic* is that these otherwise recoverable response costs are not deemed unrecoverable merely because the work has been performed by and costs are paid to an attorney. *Key Tronic* progeny have interpreted recoverable attorney's fees as: (1) the third party plaintiffs' fees incurred in connection with a PRP search and investigation of the financial status of various PRPs, even though the search also benefited the third-party plaintiffs' ability to initiate and maintain a third-party action by identifying third-party defendants, *United States v. Atlas Minerals & Chemicals, Inc.*, 41 ERC 1417, 1499, 1995 WL 510304 (E.D.Pa.1995); (2) those [attorney's] fees related to discussions with the client regarding additional site work and site cleanup matters, site visits to review the cleanup and conferences with technical staff members, *Bancamerica Commercial Corp. v. Trinity Indus.*, 900 F.Supp. 1427 (D.Kan.1995); and (3) fees associated with investigatory efforts to identify contaminants on the property, *Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930, 937 (8th Cir. 1995). In addition, recovery costs also include expenses incurred by the attorney on any given day in proportion to the percentage of his fees recoverable on that day. *Bancamerica Commercial Corp. v. Trinity Indus.*, *supra* at 1466.

█ These interpretations are supported by the well-recognized policy considerations of the statute. CERCLA's dual goals are to encourage a quick response and to place the

---

**3.** (23) The terms "remove" and "removal" means [sic] the cleanup or removal of released hazardous substances from the environment, . . ., such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances, the disposal of removed material, or the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare or to the environment, which may otherwise result from a release or threat of release.

\* \* \* \* \* \*

(24) The terms "remedy" or "remedial action" [mean] those actions consistent with permanent remedy taken instead of or in addition to removal actions . . ., to prevent or minimize the release of hazardous substances so that they do not migrate to cause substantial danger to present or future public health or welfare or the environment.

\* \* \* \* \* \*

(25) The terms "respond" or "response" [mean] remove, removal, remedy, and remedial action, all such (including the terms "removal" and "remedial action") include enforcement activities related thereto.

cost of the response on those responsible for the hazardous condition. *Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930, 936 (8th Cir. 1995). The Supreme Court has recognized that CERCLA is designed to encourage private parties to assume the financial responsibility of cleanup by allowing them to seek recovery from others. *Key Tronic, supra* 511 U.S. at n. 13, 819, 114 S.Ct. at n. 13, 1967; *see also Bancamerica Commercial Corp. v. Trinity Industries, Inc.*, 900 F.Supp. 1427, 1451 (D.Kan.1995)(The objective of CERCLA's liability scheme is to provide incentives for private parties to investigate potential sources of contamination and to initiate remedial efforts); *accord United States v. A & N Cleaners and Launderers, Inc.*, 854 F.Supp. 229, 239 (S.D.N.Y.1994). Activities financed by private litigants that are closely tied to the actual cleanup, significantly benefit the entire cleanup, and serve a statutory purpose by facilitating a prompt and effective cleanup are the type of cost expenditures that CERCLA recognizes to be included in cost recovery actions. *Key Tronic, supra* 511 U.S. at n. 13, 819, 114 S.Ct. at n. 13, 1967.

The facts of this case support our interpretation of recoverable *Key Tronic* attorney's fees. The Site was operated as a waste oil receiving, transshipping, processing and recycling plant from 1964 until 1982. During the 1980's the U.S. Environmental Protection Agency conducted a series of investigation and evaluations of the Site to identify the release or threatened release of hazardous substances at the Site, culminating in the listing of the Site on the Superfund National Priorities List. In 1986, the CERCLA Plaintiffs organized to conduct various investigations and assessments of the Combustion Site and subsequently financed and completed a removal action that cleared the Site process and pond areas of the sources or potential sources for releases of hazardous substances. Part of the cleanup effort included the identification and search for 600–800 waste generators, without the benefit of business records for ten of the fifteen years the Site was in operation. CERCLA Plaintiffs incurred response costs of over $17 million to date and face the risk of substantial future remediation.

Included in the Motion before the Court are three categories of invoices submitted by Avondale Industries, Inc. and McDermott, Inc.: attorney's fees, expenses, and consultants' costs. In addition, the two parties included accounting verification and affidavits attesting to the veracity of the records.

This Court interprets *Key Tronic* to allow as CERCLA "recovery costs" the attorney's fees and expenses incurred for work such as (1) identification and investigation of the financial status of potential PRPs, (2) discussions with clients regarding additional site work, site cleanup matters, and site visits to review the cleanup, and (3) investigatory efforts to identify contaminants on the property. Accordingly, this Court identifies $251,752.39 in attorney's fees and $16,226.67 in related expenses paid by Avondale, and $55,402.09 in attorney's fees and expenses paid by McDermott as recoverable *Key Tronic* expenses.

In addition, Avondale and McDermott submitted expenses incurred by professional consultants engaged to identify and locate potentially responsible parties and to perform other services related to site remediation. This Court interprets *Key Tronic* as addressing the narrow issue of recoverability of certain attorney's fees under CERCLA. Thus, the fees incurred for work done by an outside consultant does not fit within the *Key Tronic* rubric. However, under our Circuit's precedent, the consultants' fees and expenses as identified by Avondale and McDermott are necessary cost of response. *See Tanglewood East Homeowners v. Charles–Thomas, Inc.*, 849 F.2d at 1575.

### Conclusion

Based on the foregoing analysis, Avondale Industries, Inc. may recover $267,979.06 and McDermott, $55,402.09 as *Key Tronic* costs under CERCLA.

CERCLA Plaintiffs' Motion for Recovery of *Key Tronic* costs is GRANTED in part, and DENIED in part.